PIERCE, JUSTICE,
specially concurring:
¶ 70. I concur with the majority’s holding that the chancellor erred by terminating J.W.L.’s child-support obligation for A.B, retroactive to the date of J.W.L.’s counter-complaint for modification. I write separately, however, to voice my concern with Mississippi Code Section 43-19-34(4). Again, the statute states: “Any order for the support of minor children, whether entered through the judicial system or through an expedited process, shall not be subject to a downward retroactive modification. An upward retroactive modification may be ordered back to the date of the event justifying the upward modification.” Miss.Code Ann. § 43-19-34(4) (Rev.2009). The problem I see with this section, from my own experience as a former chancellor, is that it fails to take into consideration the reality of the crowded dockets faced by our chancery courts. True, in Cumberland v. Cumberland, 564 So.2d 839, 847 (Miss.1990), we expressed that such circumstances should serve as an incentive to “one who would have his [or her] support obligation reduced[,] to bring the matter to trial as expeditiously as possible.” And we noted that “[w]here the *1025 non-movant engages in dilatory tactics and causes unreasonable delay, the trial court should not hesitate to exercise its inherent powers and order sanctions as may be appropriate.” Id. at n. 6. Nevertheless, in my opinion, we must have some measure of leeway so as to allow our chancellors to exercise equity and fairness in cases where extraordinary or compelling circumstances exist.
CARLSON, P.J., RANDOLPH AND CHANDLER, JJ., JOIN THIS OPINION.